NO. 07-10-00117-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 16, 2011

PERRY MARK BROADIE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 56,376-E; HONORABLE DOUGLAS WOODBURN, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

A jury convicted appellant Perry Mark Broadie of aggravated assault, by causing

Billie Cain serious bodily injury,[1] and sentenced him to seventeen years confinement in

---

[1] *See* Tex. Penal Code Ann. § 22.02(a)(1) (West Supp. 2010). Aggravated assault is a second degree felony except when charged on grounds not alleged here it is a first degree felony. *See* Tex. Penal Code Ann. § 22.02(b) (West Supp. 2010). A second degree felony is punishable by confinement for any term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (West Supp. 2010). A conviction under § 22.02(a) predicated on the violation of sub-paragraph (1) requires proof of "serious bodily injury." "Serious bodily injury" means "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Tex. Penal Code Ann. § 1.07(a)(46) (West Supp. 2010).

prison. His court-appointed appellate counsel has filed a motion to withdraw supported by an *Anders*[2] brief. We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

According to evidence at trial, Cain was appellant's common law wife. After consuming substantial amounts of alcohol, appellant and Cain argued in the presence of a guest. The argument escalated. Appellant landed several blows to Cain's face. The couple's guest went to a nearby convenience store and telephoned 911. During the call he reported "a man" is "trying to kill his wife . . . And she can't get away from him he's already beat her up horrible."

EMS transported Cain to a local hospital. According to medical records, she presented with "[s]oft-tissue swelling on the right side of the face with left orbital floor blowout fracture." By the time of trial, over two and one-half years had passed since the event in question. Cain testified she experienced nerve damage on the right side of her face which continued causing pain and the loss of feeling. She described difficulty breathing when sleeping on her left side. She also described blurred vision, headaches, and facial pain during cold weather.

Appellant testified that Cain cut him with a knife and he hit her in the face with his fist. A struggle over the knife ensued. As she tried to cut him he struck her again. The jury charge contained instructions and an application paragraph on self-defense.

---

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008).

The jury found appellant guilty and after hearing punishment evidence sentenced him to seventeen years confinement in prison and assessed a $2,000 fine. The trial court certified appellant's right of appeal and this appeal followed.

Appellant's court appointed appellate counsel has filed a motion to withdraw supported by an *Anders* brief. In the brief, she certifies diligently reviewing the record and opines under the controlling authorities and facts of the cases no reversible error or legitimate ground for arguably predicating a non-frivolous appeal exists. The brief discusses in detail the procedural history of the case and the events at trial. Counsel discusses the applicable law and sets forth the reasons she believes no arguably meritorious issues for appeal exist. Counsel certifies that a copy of the *Anders* brief and her motion to withdraw were served on appellant, and counsel advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State,* 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. refused). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant did not file a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record in each matter. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If we determine the appeal has arguable merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

By the *Anders* brief, counsel raises grounds that could possibly support an appeal, but explains why none show reversible error. She concludes the appeal is frivolous. We have reviewed each ground and made an independent review of the entire record to determine whether arguable grounds supporting an appeal exist. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex.Crim.App. 2005). We find no arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.

James T. Campbell<br>
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send her client a copy of the opinion and judgment, along with notification of the defendant's right to file a pro se petition for discretionary review. Tex. R. App. P. 48.4.